UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DORLISA POGANY,

    Plaintiff,

v.                                Case No. 6:25-cv-2008-JA-LHP

UNITED STATES FEDERAL
EMERGENCY MANAGEMENT
AGENCY et al.,

    Defendants.

## ORDER

This case is before the Court on Defendants' amended motion to dismiss (Doc. 14) and Plaintiff's response (Doc. 21). Based on the Court's review of the parties' submissions, the motion must be granted.

**I.  BACKGROUND**

Plaintiff, Dorlisa Pogany, obtained flood insurance through the United States Federal Emergency Management Agency (FEMA) to cover real property located in New Smyrna Beach, Florida. (Doc. 1-1 at 9–39). The property sustained flood damage during a September 2022 hurricane, which Plaintiff timely reported to FEMA. (*Id.* at 3–4). FEMA investigated the loss but allegedly failed to adjust the claim in accordance with the terms of Plaintiff's policy. (*Id.* at 4). Plaintiff then brought this action against FEMA for breach of contract in

Florida circuit court, Case No. 2025-11751-CIDL. (*See* Doc. 1-1 at 5–6). FEMA removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1)—the statute that allows federal officers and agencies to remove cases filed against them in state court. (Doc. 1 ¶ 2).

In the amended motion to dismiss, FEMA argues, among other things, that the Court lacks subject-matter jurisdiction based on the doctrine of derivative jurisdiction. (Doc. 14 at 10–13). In response, Plaintiff argues that because this case was removable under § 1441—the original-jurisdiction removal statute in which the doctrine of derivative jurisdiction has been abrogated—this Court has subject-matter jurisdiction under the National Flood Insurance Act, 42 U.S.C. §§ 4071 & 4072. (Doc. 21 at 2).

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction," and subject-matter jurisdiction must be established before a case can proceed on the merits. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## III. DISCUSSION

FEMA asserts that this Court is without subject-matter jurisdiction based on the doctrine of derivative jurisdiction, which provides that "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court [upon removal] acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922).[1] FEMA claims that the Florida court lacked jurisdiction over this case, and, as a result, this Court did not acquire jurisdiction upon removal.

FEMA argues that the Florida court did not have jurisdiction because it, as a federal agency, is entitled to sovereign immunity from suit unless that immunity is waived. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") (collecting cases); *Dupree v. Owens*, 92 F.4th 999, 1005 (11th Cir. 2024) (noting that "[s]overeign immunity is inherently jurisdictional in nature" and that it deprives a court of subject-matter jurisdiction). The National Flood Insurance Act, 42 U.S.C. 4001, *et seq.* contains a limited waiver of sovereign

---

[1] The derivative-jurisdiction doctrine has been criticized as "the kind of legal *tour de force* that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction," *Washington v. Am. League of Prof'l Baseball Clubs*, 460 F.2d 654, 658 (9th Cir. 1972), but nevertheless the doctrine is "well settled" law, *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *see also Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1320 (11th Cir. 2021) (noting that the doctrine of derivative jurisdiction remains settled law despite widespread criticism).

immunity in section 4072, which vests "original exclusive jurisdiction" over flood insurance claims "in the United States district court for the district in which the insured property" is located. Thus, sovereign immunity was waived only for FEMA to be sued in federal district court—not state court.

From there, FEMA argues that under the doctrine of derivative jurisdiction, this Court lacks subject-matter jurisdiction because, upon removal, a federal court's jurisdiction is derivative of whatever jurisdiction the state court possessed—which, in this case, is none. *See Bevel v. FEMA*, No. 8:25-cv-02159, 2025 WL 3251153, at *3 (M.D. Fla. Nov. 21, 2025) (agreeing under virtually identical facts that the doctrine of derivative jurisdiction required district court to dismiss the case for lack of subject-matter jurisdiction). In response, Plaintiff challenges FEMA's removal of this case under 28 U.S.C. § 1442(a)(1). Section 1442(a)(1)—the federal officer removal statute—provides that "[a] civil action commenced in a [s]tate court against . . . [t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity" may be removed to federal court. There is no dispute that the criteria for removal under § 1442(a)(1) are satisfied in this case.

Plaintiff asserts that because this case was also removable under § 1441—the general removal statute—the Court should consider § 1441 in assessing whether it possesses subject-matter jurisdiction over this case. Plaintiff requests the Court to consider § 1441 because in 2002, Congress abrogated the

4

doctrine of derivative jurisdiction for cases removed under § 1441 when it added § 1441(f), which provides that "[t]he court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." (Emphasis added). Plaintiff's argument is that because this case could have been removed under § 1441, the doctrine of derivative jurisdiction does not apply and the Florida's court's lack of jurisdiction is no impediment to this Court assuming jurisdiction over this case.

There are several flaws in Plaintiff's argument. First, "[g]iven that Congress explicitly abrogated the doctrine of derivative jurisdiction only with respect to removals under [s]ection 1441, it supports the notion that—for whatever reasons—Congress intended to keep the doctrine in place with regard to other removal provisions." *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011). Indeed, "[n]o authority exists for creating an exception to the doctrine" of derivative jurisdiction "in cases removed under the federal-officer removal statute." *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007). To the extent Plaintiff seeks to carve out an exception for this case simply because it could have been removed under § 1441, that argument is rejected.

Moreover, the notion that this Court could simply recharacterize the basis of removal from § 1442(a)(2) to § 1441 has been rejected by other federal district

5

courts. *See, e.g., Graber v. Astrue*, No. 2:07-CV-1254, 2009 WL 728564, at *4 (S.D. Ohio Mar. 17, 2009) ("[T]here is no authority to support the *sua sponte* recharacterization of a proper removal under § 1442 to one under § 1441."); *Singleton v. Elrac, Inc.*, No. 03 Civ. 4979, 2004 WL 2609554, *1 (S.D.N.Y. Nov.16, 2004) (rejecting the argument that the case should not be dismissed because "the removal could have been pursuant to 28 U.S.C. § 1441" where "the fact is that the removal was under 28 U.S.C. § 1442(a)(1)"). This Court agrees and concludes that there is no basis to retroactively change the statutory basis of the removal of this case.

Under the doctrine of derivative jurisdiction, a district court is not conferred with subject-matter jurisdiction where, prior to removal, the state court lacked jurisdiction. Therefore, because the Florida court lacked subject-matter jurisdiction in this case, this Court does not have derivative jurisdiction upon removal. Notably, when district courts lack derivative jurisdiction, they must dismiss the case rather than remand it. *See Lambert Run Coal Co.*, 258 U.S. at 383 (holding that a federal court must dismiss, not remand, a removed case over which the state court lacked jurisdiction). Accordingly, the case must be dismissed. Having concluded that this Court is without jurisdiction, the remaining arguments presented in the parties' filings will not be addressed.

## IV. CONCLUSION

For the reasons explained above, Defendants' amended motion to dismiss (Doc. 14) is **GRANTED**. This case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on January 22, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record